

IT IS SO ORDERED.
Signed April 21, 2014

Arthur S. Weissbrodt
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re | ] Case No. 11-57656-ASW |
|---|---|
| ROSALIE AUBREE GUANCIONE, | ] Chapter 13 |
| Debtor. | ] |
| ROSALIE. A. GUANCIONE, | ] Adv. Proc. No. 13-05105-ASW |
| Plaintiff, | ] |
| v. | ] |
| STATE OF CALIFORNIA, JOSEPH FARROW, KAMALA HARRIS, KATE SANTILLAN, GEORGE VALVERDE, | ] |
| Defendants. | ] |

**MEMORANDUM DECISION GRANTING
DEFENDANTS' MOTION TO DISMISS COMPLAINT**

Before the Court is the motion of Defendants State of California, Kamala D. Harris, Kate Santillan, George Valverde, and Joseph A. Farrow ("Defendants") for dismissal of Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), which are applicable in bankruptcy via Fed. R. Bankr. P. 7012. Defendants are represented by attorney David Hamilton of the Office of the

Attorney General. Plaintiff Rosalie Guancione, who appears pro se, opposes the motion.

As a threshold matter, Plaintiff has filed a pleading contending that this matter is not properly before the Court, on two bases: First, Plaintiff argues that Defendants are in default and therefore are not permitted to "plead or speak" in this case. However, Plaintiff does not provide any authority for the proposition that a defaulted party may not request relief from default, and the Court has granted Defedants' motion to vacate the clerk's defaults. Second, Plaintiff argues that the pending appeal of the Court's order denying Plaintiff's motion to strike divests the Court of jurisdiction over this matter, but the issues before the Court in this motion are not implicated in the order on appeal. The order on appeal denied Plaintiff's motion to strike a declaration in support of a motion to dismiss that was filed by defendants who were previously dismissed from this case at Plaintiff's request.

Plaintiff filed her chapter 13 case on August 15, 2011. On July 22, 2013, Plaintiff filed this adversary proceeding. Plaintiff filed an amended complaint on November 26, 2013 (the "Amended Complaint"). At Plaintiff's request, the Court dismissed several defendants from the adversary proceeding by order entered on January 15, 2014. The moving parties are the only remaining defendants. All of the remaining individual defendants are or were employees of the State of California or one of its agencies: Ms. Harris is the Attorney General for the State of California; Ms. Santillan is an administrator with the California Department of Justice; Mr. Valverde is the former Director of the California

Department of Motor Vehicles; and Mr. Farrow is the Commissioner of the California Highway Patrol.

The Amended Complaint seeks relief under a number of theories arising out of the towing of Plaintiff's 2005 Kia Optima, apparently for failure to display current registration. According to the Amended Complaint, the vehicle was towed by Rebello's Towing Services, Inc., ("Rebello's"), and Rebello's employees would not return the vehicle to Plaintiff without payment of towing and storage charges. Plaintiff alleges that she contacted the police, who did not order the manager of Rebello's to return the vehicle. (Rebello's, some of its employees, the City of San Jose, and certain individual police officers are among the originally named defendants who were dismissed from this case at Plaintiff's request).

Plaintiff alleges that the individual defendants are being sued in their "public and private capacities." However, a careful review of the allegations of the Amended Complaint reveals that there are no substantive claims against any of the individual defendants other than in their capacities as agents for the State of California. The Court notes that, in paragraph 315 of the Amended Complaint, Plaintiff alleges that the individual defendants were acting in their "official capacity." The gist of Plaintiff's allegations against the individual defendants is that they implemented state policies that resulted in damage to Plaintiff. Plaintiff alleges that Ms. Santillan "set the policy and custom to record the KIA status fraudulently as stored in the STATE database," that Ms. Harris "sets custom, policy, financial and personnel budget for the operation of the stolen car database . . .

." and "failed in her sworn obligation to support the federal Constitution and to protect the right to due process . . . ." Plaintiff alleges that Mr. Valverde "sets custom and policy for the STATE (DMV) to commit fraud through deception in the collection of unnecessary licensing fees of automobiles . . . ." Finally, Plaintiff alleges that Mr. Farrow "has set the policy of misapplication of the California Vehicle Code to coerce individuals operating non-commercial vehicles to have a license plate and registration or be cited and ticketed."

The Amended Complaint seeks damages of $1.5 million in compensatory damages, $1.5 million in punitive damages, $2 million for damage to her reputation, costs, and attorney fees (although Plaintiff is not represented by an attorney). The theories under which Plaintiff purports to pray for this relief appear to be: violation of the United States Constitution (4th, 5th, 7th, and 14th amendments); violations of 42 U.S.C. §§ 1983, 1985, and 1986; mail fraud; wire fraud; robbery; and fraud.

Defendants move for dismissal for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1), and for failure to state a claim upon which relief may be granted, Fed. R. Civ. P. 12(b)(6). Because the Court finds that it lacks jurisdiction over this adversary proceeding, the Court need not address the sufficiency of the pleadings under Fed. R. Civ. P. 12(b)(6).

Under Fed. R. Civ. P. 12(b)(1), the Court must dismiss a complaint for lack of subject matter jurisdiction. This Court lacks jurisdiction over the subject matter of this adversary proceeding because, under the Eleventh Amendment to the United

States Constitution, Defendants are immune from suit in federal court.

The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Under the Eleventh Amendment, an unconsenting state is immune to suits brought in federal court by its own citizens as well as by citizens of another state. Edelman v. Jordan, 415 U.S. 651, 662-663 (1974).

The Eleventh Amendment is an expression of the sovereign immunity enjoyed by the states, and it is absolute unless the state has expressly and unequivocally waived its immunity. Doe by Gonzales v. Maher, 793 F.2d 1470, 1493-1494 (9th Cir. 1986) (citing Atascadero State Hospital v. Scanlon, 473 U.S. 234 (1985)). A state's consent to suit in its own courts does not amount to consent to be sued in a federal court. Thus, the State of California's waiver of sovereign immunity with respect to suit in its own courts, see California Government Claims Act, Cal. Gov't Code § 810, et seq., does not constitute consent to be sued in federal court. Riggle v. State of California, 577 F.2d 579, 585-586 (9th Cir. 1978).

Plaintiff's Amended Complaint names the state of California and its employees as defendants. Absent waiver of its sovereign immunity, the State itself is not subject to suit in the federal courts. Congress has not abrogated the states' sovereign immunity for the claims brought by Plaintiff. See Quern v. Jordan, 440 U.S.

332, 345 (1979) (Congress did not abrogate states' immunity under 42 U.S.C. § 1983).

The Eleventh Amendment also bars suits in federal court against state officers sued in their official capacities. "[T]he Eleventh Amendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, i.e., money damages, rather than prospective, e.g., an injunction." Bair v. Krug, 853 F.2d 672, 675 (9th Cir. 1988) (citations omitted). The Eleventh Amendment bars suits against state officials when the state is the substantial party in interest. Demery v. Kupperman, 735 F.2d 1139, 1146 (9th Cir. 1984). As noted, the individual defendants are being sued in their official capacities, despite Plaintiff's allegation that they are also being sued in their private capacities.[1]

For all of the foregoing reasons, Defendants' motion is granted. Counsel for Defendants may submit a proposed form of order. The hearing scheduled for April 22, 2014 at 2:15 p.m. is off calendar.

**\*\*\*END OF MEMORANDUM DECISION\*\*\***

---

[1] The Court also notes that the claims brought by Plaintiff do not arise under or in title 11, nor are they related to Debtor's bankruptcy case. See 28 U.S.C. § 157; 28 U.S.C. § 1334. Plaintiff alleges the vehicle is property of the estate. However, the vehicle was not listed on Plaintiff's bankruptcy schedules. Additionally, none of the damages requested appears to be directly related to the vehicle.

```
                            Court Service List

    Rosalie Guancione
    PO Box 90452
    San Jose, CA 95109
    **Via email and first class mail**


    David W. Hamilton
    Counsel for Defendants
    **via ECF**
```