

IT IS SO ORDERED.
Signed April 25, 2014

*Arthur S. Weissbrodt*
Arthur S. Weissbrodt
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>ROSALIE AUBREE GUANCIONE,<br>        Debtor. | Case No. 11-57656-ASW<br>Chapter 13 |
| ROSALIE. A. GUANCIONE,<br>        Plaintiff,<br>v.<br>STATE OF CALIFORNIA, JOSEPH FARROW, KAMALA HARRIS, KATE SANTILLAN, GEORGE VALVERDE,<br>        Defendants. | Adv. Proc. No. 13-05105-ASW |

**CORRECTED MEMORANDUM DECISION GRANTING DEFENDANTS'
MOTION TO VACATE CLERK'S ENTRY OF DEFAULT**[1]

Before the Court is the motion of Defendants State of California, Joseph Farrow, Kamala Harris, Kate Santillan, and

---

[1] This corrected memorandum decision is being issued to clarify that the pending appeal in this adversary proceeding is from the Court's Order Denying Plaintiff's Petition for Writ of Mandate and not from the Court's Order Denying Plaintiff's Motion to Strike (see page 2). The correction does not substantively change the decision.

George Valverde ("Defendants") to vacate the Clerk's Entry of Default against them. Defendants are represented by attorney David Hamilton, of the Office of the Attorney General. Plaintiff, who is pro se, opposes the motion. For the reasons explained below, the motion is granted.

As a threshold matter, Plaintiff has filed a pleading contending that this matter is not properly before the Court, on two bases: First, Plaintiff argues that Defendants are in default and therefore are not permitted to "plead or speak" in this case. However, Plaintiff does not provide any authority for the proposition that a defaulted party may not request relief from default. Second, Plaintiff argues that the pending appeal in this adversary proceeding deprives this Court of jurisdiction over the instant motion. The pending appeal is from the Court's order denying Plaintiff's Petition for Writ of Mandate Prohibiting the City of San Jose to Provide Legal Services to Dismissed Defendants Sued in Private Capacity. The issues in that appeal do not impact the issues being determined in this decision; therefore the Court retains jurisdiction to decide this matter. See In re Padilla, 222 F.3d 1184, 1190 (the filing of a notice of appeal divests the trial court of control over those aspects of the case involved in the appeal).

Under Fed. R. Civ. P. 55(c), "[t]he court may set aside an entry of default for good cause . . . ." Trial courts have especially broad discretion to set aside an entry of default prior to a default judgment. Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000).

2

The "good cause" standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Fed. R. Civ. P. 60(b). In determining whether good cause exists to vacate an entry of default, the Court should consider: (1) whether defendant engaged in culpable conduct that led to the default; (2) whether defendant had a meritorious defense; or (3) whether reopening the default judgment would prejudice plaintiff. <u>Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.</u>, 375 F.3d 922, 926 (9th Cir. 2004).

Defendants concede that the complaint was properly served but argue that the Court should set aside the Clerk's default on grounds of mistake and/or excusable neglect. According to the Declaration of Supervising Deputy Attorney General Jeffrey R. Vincent, the first pleading in this adversary proceeding that came to the attention of the Attorney General's Office was received in September 2013 and was labeled "Declaration of Truth." The caption named the DMV and its former Director, George Valverde, as defendants. That pleading had no prayer and did not appear to be a lawsuit seeking any remedy against the DMV or Mr. Valverde, and thus did not appear to call for an answer or other responsive pleading by the defendants.

Mr. Vincent states that on December 4, 2013, a Supervising Deputy Attorney General ("DAG") in the Attorney General's Office went online to review the adversary pleadings in this case, and discovered the complaint. However, the DAG mistakenly believed the complaint had not been properly served on the individual defendants because it had not been personally delivered to each of them along with a summons, as required by the Federal Rules of Civil

Procedure. The DAG was unaware that the bankruptcy rules provide for service by first class mail.

According to Mr. Vincent, none of the individual defendants, with the exception of Ms. Santillan, were given <u>actual</u> notice of the complaint, which was served by mail on their business offices. The mistake about the applicable service rules was made not by the Defendants, but by their counsel in the Attorney General's Office.

According to the declaration of Kate Santillan, Ms. Santillan received the complaint and a variety of other pleadings by mail from Plaintiff. Ms. Santillan promptly passed those legal documents on to her supervisors and was assured that her office, the California Department of Justice, would handle the matter and that a Deputy Attorney General would respond on her behalf.

Defendants point out that the complaint was not properly served on Mr. Valverde, who retired as Director of the DMV in October 2012, so that the DMV office was not a valid service address. The Court will vacate the clerk's default as to Mr. Valverde on that basis.

With respect to the other Defendants, the Court finds that it is appropriate to vacate the clerk's default. There is no evidence that Defendants' conduct was culpable. A defendant's conduct is culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." <u>TCI Group Life Ins. Plan v. Knoebber</u>, 244 F.3d 691, 698 (9th Cir. 2001)). There is no culpable conduct when the defendant offers "a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process . . . ."

Id. at 697. Here, Defendants have explained that the failure to answer was due to a mistake of law.

Defendants also have asserted meritorious defenses to the Plaintiff's causes of action, the most compelling of which is Defendants' Eleventh Amendment immunity, as addressed in the Court's memorandum decision on Defendants' motion to dismiss which is being issued concurrently with this decision.

Finally, the Court can discern no prejudice to Plaintiff in setting aside the Clerk's entries of default, nor has Plaintiff argued prejudice. Plaintiff would still have to prove up her case in order to obtain a default judgment.

The Court has considered the Plaintiff's opposition papers and finds that they do not articulate any coherent reason for denying the motion. Many of the arguments in the papers pertain to the merits of the adversary proceeding and are irrelevant in the context of this motion. Plaintiff has not addressed any of the factors relevant to a finding of good cause under Fed. R. Civ. P. 55(c). The Court will not strike any of Defendants' pleadings on the basis of a conclusory statement that they are "scandalous and immaterial." Nor will the Court strike Mr. Vincent's declaration. Mr. Vincent's testimony as to the circumstances surrounding the failure to answer the complaint is admissible and supports the motion.

For all of the foregoing reasons, Defendants' motion is granted. Counsel for Defendants may submit a proposed form of order. The hearing scheduled for April 22, 2014 at 2:15 p.m. is off calendar.

**\*\*\*END OF MEMORANDUM DECISION\*\*\***

|     | Court Service List |
| --- | --- |
| 1   |     |

Rosalie Guancione
PO Box 90452
San Jose, CA 95109
**Via email and first class mail**

David W. Hamilton
Counsel for Defendants
**via ECF**